**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

                                      Case No.  06-30200

MESHA A. WEAVER

                Debtor


**MEMORANDUM ON
MOTION FOR RELIEF FROM STAY**


**APPEARANCES:**    LEWIS, KING, KRIEG & WALDROP, P.C.
                      M. Edward Owens, Jr., Esq.
                      Post Office Box 2425
                      Knoxville, Tennessee  37901
                      Attorneys for One Stop Automotive

                      RICHARD M. MAYER, ESQ.
                      1111 Northshore Drive
                      Suite S-570
                      Knoxville, Tennessee  37919
                      Attorney for Debtor


**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court upon the Motion for Relief from Stay (Motion) filed by One Stop Automotive on February 21, 2006, requesting modification of the automatic stay to allow it to recover a 1999 Chevrolet Tahoe (Tahoe) from the Debtor, arguing that the Tahoe is not property of the Debtor's bankruptcy estate.  On March 8, 2006, the Debtor filed her Response to Motion for Relief From Stay Filed By One Stop Automotive (Response), opposing relief from the automatic stay on the grounds that the Tahoe is property of the estate.

The facts and documents essential to the resolution of this issue are before the court on the Stipulations on Motion for Relief From Stay filed by the parties on March 17, 2006, including three stipulated exhibits, the Debtor's Brief filed on March 20, 2006, and the Brief in Support of Motion for Relief From Stay filed by One Stop Automotive on April 7, 2006.  The parties agree that an evidentiary hearing is not required.

This is a core proceeding.  28 U.S.C.A. § 157(b)(2)(G) (West 1993).

**I**

The Debtor agreed to purchase the Tahoe from One Stop Automotive for $10,733.99 on February 1, 2006, pursuant to the terms of a Retail Installment Contract and Security Agreement (Contract).  STIP. EX. 1.  As part of the transaction, the Debtor also executed a Supplement to Purchase Contract (Supplemental Contract) containing a Bailment Agreement which states, in material part:

> I understand that the completion of this sales transaction is contingent upon approval of a lender.  Pending the credit approval for me/us, by a financing institution and completion of the sales transaction, delivery of said vehicle by Dealer is hereby made to me/us as a convenience to me/us and is subject to all terms and conditions in said

Sales Agreement and in the promissory note and security agreement, if any executed concurrently or in accordance therewith.  Said vehicle shall remain the property of the Dealer.

Furthermore, I understand that disapproval by a lender does not automatically void or invalidate this transaction.  In the event that the original credit application is not approved, the dealer will have the option of placing the financing with another lender as long as the contract period and monthly payment of the transaction remain the same or less.  I understand and agree that it may become necessary for me/us to execute additional contracts or agreements acknowledging a new or different lender. I further agree to execute all contracts or other documents necessary to complete and finalize the same transaction upon acceptance of a lender.

STIP. EX. 2.   Contemporaneously with the execution of these documents, the Debtor made a $3,500.00 down payment to One Stop Automotive.   Pursuant to the Contract, the remaining $7,711.49 was to be paid in 48 monthly installments of $251.41 including interest at 24%. STIP. EX. 1.   Subsequently, One Stop Automotive submitted the Debtor's Contract to United Auto Credit Corporation for financing consideration; however, on February 3, 2006, United Auto Credit Corporation faxed its refusal to One Stop Automotive, turning down the Debtor's financing due to "instability of employment."   STIP. EX. 3.

On February 8, 2006, the Debtor filed the Voluntary Petition commencing her bankruptcy case under Chapter 13 of the Bankruptcy Code.  The Debtor, in her statements and schedules, listed One Stop Automotive, in addition to United Auto Credit Corporation, as holders of a $7,500.00 claim secured by the Tahoe.[1]  The Debtor's Chapter 13 Plan proposes bi-weekly payments of $160.00 for sixty months, plus all tax refunds in excess of $2,500.00, for a proposed 100% dividend to unsecured creditors.  The Plan also provides for the Debtor to retain the Tahoe and to pay One

---

[1] The court takes judicial notice of the Debtor's bankruptcy case file and the contents thereof.  *See* Fed. R. Evid. 201.

Stop Automotive $7,500.00 as a secured claim in monthly installments of $200.00 plus 9% interest.[2]

One Stop Automotive has objected to confirmation of the proposed plan, on the grounds that the

Debtor seeks to retain the Tahoe which is not property of the Debtor and of which One Stop

Automotive seeks possession in addition to seeking relief from the automatic stay.  Pursuant to the

scheduling Order entered on March 16, 2006, the sole issue presently before the court is whether the

Tahoe, which is in the Debtor's possession, is property of her bankruptcy estate or the property of

One Stop Automotive.


## II


At the commencement of the Debtor's bankruptcy case, the estate was created, which

includes all of her property and any interests in property held by the Debtor.  *See* 11 U.S.C. § 541(a)

(2005).  The commencement of her case also triggered the protection of the automatic stay under

11 U.S.C. § 362(a) (2005), which provides debtors with "'a breathing spell' from collection efforts

and [a] shield [from] individual creditors from the effects of a 'race to the courthouse,' thereby

promoting the equal treatment of creditors."  *In re Printup*, 264 B.R. 169, 173 (Bankr. E.D. Tenn.

2001).  Included among the prohibited actions is "any act to obtain possession of property of the

estate or of property from the estate or to exercise control over property of the estate[.]"  11 U.S.C.

§ 362(a)(3).

Which property rights are included within a debtor's bankruptcy estate are determined by

state law and may include a debtor's possessory interests.  *Printup*, 264 B.R. at 173-74; *see also*

---

[2] The Plan actually provides for payment to United Auto Credit Corporation.

*Skinner v. Cumberland Auto Ctr. (In re Skinner)*, 238 B.R. 120, 124 (Bankr. M.D. Tenn. 1999). A

debtor has a possessory interest in property if she has a legal right to possess it. *In re Sielaff*, 164

B.R. 560, 567 n.7 (Bankr. W.D. Mich. 1994). Furthermore, "the automatic stay protects the debtor's

possession of property even if the debtor has no other interest in the property." *Skinner*, 238 B.R.

at 124.

In this case, the Debtor was in possession of the Tahoe on the date that she filed her

bankruptcy case. Furthermore, under the terms of the Supplemental Contract, namely the Bailment

Agreement, the Debtor clearly had a legal right to possess the Tahoe, "subject to all terms and

conditions" in the Contract. *See* STIP. EX. 2. Accordingly, upon commencement of her case, the

Debtor held a possessory interest in the Tahoe, which is now a part of her bankruptcy estate. *See*

*Printup*, 264 B.R. at 174; *Farmer v. Autories, Inc. (In re Branam)*, 247 B.R. 440, 447-48 (Bankr.

E.D. Tenn. 2000). Nevertheless, simply holding a possessory interest in the Tahoe does not mean

that the Debtor actually holds title to the Tahoe.

"A contract subject to a condition precedent does not come into being unless that condition

is performed." *Peak v. Ted Russell Enters., Inc.*, No. E1999-0286-COA-R3-CV, 2000 WL 222530,

at *2, 2000 Tenn. App. LEXIS 120, at *6 (Tenn. Ct. App. Feb. 28, 2000) (citing *Guilbert v. Phillips

Petroleum Co.,* 503 F.2d 587, 590 (6th Cir. 1974)). The Contract between the Debtor and One Stop

Automotive was expressly conditioned upon the Debtor obtaining financing for the $7,711.49

balance on the loan. And, as provided in the Bailment Agreement, pending approval of financing

for her loan, ownership of the Tahoe remained vested in One Stop Automotive. *See* STIP. EX. 2.

Although disapproval of the loan by United Auto Credit Corporation did not "automatically void

5

or invalidate" the Contract between the Debtor and One Stop Automotive, it was expressly within

the discretion of One Stop Automotive to seek financing from a second lender. STIP. EX. 2.

Moreover, any option for other lending required "the contract period and monthly payment of the

transaction remain the same or less." STIP. EX. 2.

Similar to the facts in *Skinner*, the Debtor seeks to force One Stop Automotive into accepting

payment through her Chapter 13 Plan of a debt that she is under no duty to pay.  As stated in

*Skinner*,

> The financing requirement is a condition precedent to [the] binding effect of the
> purchase order.  It is a condition precedent to the primary obligations of Cumberland
> and the debtor.  It is a condition precedent to Cumberland's duty to deliver the car
> and transfer ownership to the debtor.  It is a condition precedent to the debtor's duty
> to pay for the car.
>
> . . . .
>
> In summary, the debtor's plan attempts to deal with a debt that does not exist, or it
> attempts to create a debt that does not exist.  A plan provision that attempts to create
> a debt or to deal with a debt that does not exist should be treated as meaningless.

*Skinner*, 238 B.R. at 125.  The same rings true here.  One Stop Automotive is the legal owner of the

Tahoe, whereas, the Debtor holds only a possessory interest therein, granted exclusively through

One Stop Automotive.  Although the automatic stay prevents any action taken against a debtor

holding a possessory interest in property, it does not vest in a debtor any greater interest in property

than she possessed at the time her case was commenced.  Nor does the fact that the Debtor holds a

possessory interest in property owned by One Stop Automotive require it to accept payment through

the Debtor's Chapter 13 Plan or authorize the court to force such treatment.

Accordingly, the court finds that the Tahoe is not property of the Debtor's estate.  The

automatic stay shall accordingly be terminated with respect to the Debtor's possessory interest in

the Tahoe to allow One Stop Automotive to take possession of the vehicle.[3]

An order consistent with this Memorandum will be entered.

FILED:  April 14, 2006

                                        BY THE COURT

                                        */s/  RICHARD STAIR, JR.*

                                        RICHARD STAIR, JR.
                                        UNITED STATES BANKRUPTCY JUDGE

---

[3] The status of the $3,500.00 deposit made by the Debtor is not a subject of this contested matter.  The court presumes, however, that all or a substantial portion of the deposit will be turned over to the Chapter 13 Trustee by One Stop Automotive.